IN THE UNITED DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION-AT CHATTANOOGA

| | |
|---|---|
| LAURA YARNELL, Trustee under the Trust of S. Cameron Yarnell for the children of S. Cameron Yarnell, | ) ) ) ) |
| Plaintiff, | ) CIVIL DOCKET NO.: 1:09-CV-00049 ) |
| vs. | ) JUDGE COLLIER ) |
| TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY, SUNTRUST INVESTMENT SERVICES, INC.., | ) MAGISTRATE CARTER ) ) JURY TRIAL DEMANDED ) |
| Defendants. | ) ) ) |

## SECOND AMENDED COMPLAINT

Plaintiff files this Second Amended Complaint with the Defendant, Transamerica Occidental Life Insurance Company, not objecting, and the Defendant SunTrust Investment Services, Inc not having filed an Answer as follows:

1. S. Cameron Yarnell was insured under a life insurance policy issued by the Defendant, Transamerica Occidental Life Insurance Company with the beneficiary being the Plaintiff. The face amount of said policy was $1,000,000.00. The policy no. was 42074562.

2. The insured, S. Cameron Yarnell, died on October 3, 2007. Defendant Transamerica wholly and without cause refuses to pay the policy benefits to the Plaintiff.

3. The Defendant owes the Plaintiff $1,000,000.00 plus interest from October 3, 2007.

4. Plaintiff alleges that the Defendant, Transamerica Occidental Life Insurance Company, was guilty of negligence in the hiring of agents and also in the training of their agents to handle business for the Defendant Transamerica.

5. Defendant Transamerica was guilty of negligence in failing to see to it that the proper procedures and "best practices" were followed in the issuance of policies and the servicing of policies to keep the policies from being a premium unpaid condition and keeping the policies from lapsing.

6. Plaintiff further alleges that the Defendant Transamerica did nothing to insure that situations such as the one that occurred in this case would not happen and that their policies would not get into a lapse situation. Plaintiff further alleges that if this had been done properly, the incontestable period would have run and this policy would have been in effect.

7. Plaintiff alleges that the Defendants, SunTrust Securities, Inc. and SunTrust Annuities, Inc., (now known as SunTrust Investment Services, Inc.) were the agents of the Defendant Transamerica Occidental Life Insurance Company. The Plaintiff alleges that the acts of the agents bind the principal, Transamerica. The Plaintiff would further show that good practice of an agent would be to set up proper procedures in cases such as this to assist customers in making sure that they policy did not lapse or come through a grace period without the premiums being paid and the Defendants failed to notify the owner of the policy that the policy was in its grace period and was about to lapse for nonpayment of premiums. The Defendants never discussed this with the Plaintiff nor did they notify her of the grace period or lapse condition when good practice would require them to do so.

8. Plaintiff alleges that the Defendants, SunTrust Securities, Inc. and SunTrust Annuities, Inc, were guilty of negligence in failing to set up proper procedures to see to it that policies were not in a lapse condition, they failed to properly train their agents, they failed to properly have an insurance specialists on duty and in a position to help brokers, they failed to properly set up a checklist and procedures to assist customers in making sure that their policies did not lapse and they failed to do anything to prevent the lapsing of this policy, but carelessly, recklessly, and negligently allowed their Chattanooga office to proceed without an insurance specialist and to proceed without properly having procedures in place to assist the customer in not allowing policies to lapse. Plaintiff further alleges that if this had been done, the incontestable period on the policy would have run and that there would be no question that this policy would have been in effect at the time of the death of S. Cameron Yarnell on October 3, 2007.

9. Plaintiff alleges that all three Defendants failed to properly notify the owner of the policy that premiums were delinquent and failed to notify the owner of the policy in writing that the grace period had begun which is required by their policy.

10. Plaintiff further alleges that the combined negligence of all 3 Defendants caused or contributed to cause the lapsing of the policy and that all are liable to the Plaintiff in the amount of $1,000,000.00 plus interest from October 3, 2007.

Wherefore, Plaintiff sues the Defendants for $1,000,000.00 plus interest from October 3, 2007 and demands a jury to try the issues when joined.

BERKE, BERKE & BERKE

By: /s/ Marvin B. Berke
 Marvin B. Berke, BPR# 1740
 420 Frazier Avenue
 Post Office Box 4747
 Chattanooga, TN 37405
 (423) 266-5171- Telephone
 (423) 265-5307- Facsimile
 marvin@berkeattys.com

 Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that the foregoing paper, along with copies of the documents were served electronically on the following on:

| | |
|---|---|
| D. Aaron Love, Esquire | John E. Winters, Esquire |
| Chambliss, Bahner & Stophel, P.C. | Kramer Rayson, LLP |
| 1000 Tallan Building | Suite 2500 First Tennessee Plaza |
| Two Union Square | 800 South Gay Street |
| Chattanooga, TN 37402 | Post Office Box 629 |
| | Knoxville, TN 37901-0629 |

This 12th day of October, 2009.

BERKE, BERKE & BERKE

By: /s/ Marvin B. Berke
 Marvin B. Berke, BPR#1740